943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert H. CULLEN, Defendant-Appellant.
 No. 91-7046.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 21, 1991.
Decided Sept. 10, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CR-89-3-B)
 Anthony E. Collins, Wise, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Julie Marie Campbell, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dr. Robert H. Cullen appeals the district court's denial of his 28 U.S.C. § 2255 motion. Cullen claims on appeal that the district court erred by refusing to allow him to withdraw his no contest plea. Cullen claims that (1) the district court erred in failing to inform him that his medical license could be revoked, (2) defense counsel coerced his plea by misrepresentations, and (3) defense counsel was ineffective for failing to inform him of the mandatory revocation of his medical license. Because we find that Cullen's appeal lacks merit, we affirm.
 
 
 2
 * After four days of trial, Cullen agreed to plead no contest to one count of unlawfully distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and pay an $8,000 fine and $15,000 in restitution, in exchange for the government's promise to dismiss the remaining 20 counts in the indictment and recommend a three-year probation term.
 
 
 3
 At Cullen's Fed.R.Crim.P. 11 hearing, the district court complied with Rule 11's requirements, including specifically telling Cullen that he was pleading no contest to a felony carrying a maximum prison term of five years. The district court, after determining that Cullen's plea was entered as the result of a knowing, voluntary, and deliberate choice, sentenced Dr. Cullen pursuant to the terms of the plea agreement. The plea colloquy from Cullen's Rule 11 hearing contains absolutely no evidence that Cullen was confused or did not understand any aspect of the proceeding.
 
 
 4
 Four months after the district court accepted his plea, Cullen filed a 28 U.S.C. § 2255 motion. Cullen claimed he should be allowed to withdraw his plea because the plea was involuntarily entered. Cullen claimed he pled no contest based on a representation by his trial attorney, Forrest E. Cook, that the offense to which he was pleading was a misdemeanor and a conviction for that offense would not result in the loss of his license to practice medicine. Cullen also claimed that Cook threatened to cease representing him at trial unless Cullen paid an additional $75,000 legal fee, and that Cook threatened to withdraw as Cullen's counsel unless Cullen pled no contest.
 
 
 5
 At the evidentiary hearing on Cullen's § 2255 motion, Cullen maintained that, despite his representations during his Rule 11 hearing, he was confused at the time he pled no contest because he believed he was pleading no contest to a misdemeanor. Cook testified at the hearing that, although he and Cullen had talked generally about the consequences a felony conviction could have on Cullen's ability to practice medicine, he had not told Cullen that the charged offense was a misdemeanor. Cook, however, did admit sending correspondence to Cullen instructing Cullen to write to the state medical board and argue that his medical license should not be revoked without a hearing because the felony to which Cullen pled no contest was a misdemeanor if charged under Virginia law. Although Cook admitted that he recommended that Cullen plead no contest, he denied coercing or threatening Cullen.
 
 
 6
 At the conclusion of the hearing, the district court denied Cullen's motion based on his finding that Cullen understood the consequences of his guilty plea and had failed to present evidence showing that his plea was involuntary.
 
 II
 
 7
 The representations made by the defendant and his lawyer when entering a plea, as well as any factual findings made by a judge accepting the plea, constitute a formidable barrier for the defendant to overcome in any later collateral proceeding. Blackledge v. Allison, 431 U.S. 63, 74 (1977). A defendant's statements made when he enters his plea which facially demonstrate that the plea is valid should be considered conclusive, unless there is a compelling reason why they should not be so considered. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981).
 
 
 8
 Here, based on the Rule 11 transcript and testimony at the § 2255 hearing, the district court denied the § 2255 motion based on its finding that Cullen understood the consequences of his guilty plea and had not shown that his plea was entered involuntarily. By so holding, the district court necessarily rejected Cullen's contention that his plea was coerced by Cook's threats and misrepresentations. Because we cannot say that the district court's findings were clearly erroneous, we must dismiss Cullen's claim. See McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989).
 
 
 9
 Because we find that Cullen entered his plea voluntarily, we must also reject his claim that his counsel was ineffective for coercing him into entering the plea.
 
 III
 
 10
 In conclusion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.